JOSEPH G. WARREN *vs.* WILLIAM A. WILLIAMS, Administrator.

A husband who, being sued with his wife for her debt *dum sola,* allows judgment by default against himself alone, after her death, has no claim against her estate for the amount paid by him on such judgment.

APPEAL from the decision of commissioners appointed by the judge of probate, on the estate of Jane Warren, who died insolvent, late the wife of Joseph G. Warren, allowing to said Joseph G. the sum of $973.80. It came before this court upon an agreed statement of facts.

Said Jane, while sole, and before her intermarriage with the

said Joseph G., made her note of hand, whereby she promised to pay one John Warden, or order, the sum of $1,200 on demand, with interest, and secured the same by a mortgage upon her real estate. Said Warden afterwards indorsed said note to one Samuel H. Flagg, who after the intermarriage between the said Joseph G. and the said Jane, and during coverture, brought an action thereon against the said Joseph G. and the said Jane. During the pendency of said action, said Jane died, and afterwards said Joseph G. was defaulted at the December term of the court of common pleas, at Worcester, 1849, and upon an execution issued against him in said action, he paid the sum of $941.78, the amount of said execution; and said mortgage was thereupon discharged. From the allowance of the claim of said Joseph G., to be repaid said sum of $941.78, with interest, this appeal was taken and entered by the administrator of the estate of said Jane.

During said coverture, which did not exceed the period of two years, the said Joseph G. received the proceeds of the sale of the dower of said Jane, in the real estate of her former husband, Leonard Flagg, the sum of $2,500; the proceeds of the sale of certain personal property of said Jane, amounting to fifty dollars; the sum of seven dollars a year, for two years, for the right of dower of said Jane in a farm in Auburn; and he was also entitled to the income during the life of the said Joseph G., of the estate described in said mortgage, and also to the income during the life of said Joseph G., of several other parcels of real estate formerly, and at the time of her death, belonging to said Jane, and of the value of $2,500.

Said Joseph G. promised to pay the debt upon which said action was brought by said Flagg, both before and after the commencement of the suit, but both of said promises were made during the life of said Jane.

*D. Foster*, for the administrator.

*H. Chapin*, for the claimant.

METCALF, J. A husband is liable for his wife's debts contracted before marriage; but he is liable only during the continuance of the marriage, unless judgment is recovered against them before the marriage is dissolved. Fitz. N. B. 120; 1

Wooddeson, 446; 2 Kent Com. (7th ed.) 126. Being thus liable by law, his promise to pay does not extend his liability, unless the promise is made on some new consideration, which must be shown. In the present case, the husband, after the wife's decease, voluntarily incurred the liability to pay her debt, by submitting to a judgment against himself alone. He therefore stands on the same ground as one who pays another's debt, or renders service to another, without his request, express or implied. Such payment or service is a voluntary courtesy, upon which no cause of action accrues, and which will not uphold an assumpsit.

It was suggested for the husband, in argument, that he, being tenant by the curtesy, rightfully paid the money for his own benefit, to relieve the land from the mortgage, and that he therefore (in the language of his counsel) "is entitled to prove his claims, at least for so much as his life estate is not bound to pay, viz: the proportion which the reversion bears to his life estate." But assuming that a tenant by the curtesy has the same right as a tenant in dower to redeem a mortgage, we are of opinion that he must do so in the same manner that she must; namely, by bill to redeem, and by paying his proportional share of the mortgage debt. He cannot make himself a creditor of the mortgagor by voluntarily paying the mortgage debt without the mortgagor's request.

The claim made by the husband in this case must be disallowed. *Claim disallowed.*